1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CALVIN S. LYNN,                              No.  2:15-cv-0669 WBS GGH P

12                 Petitioner,

13           v.                                   ORDER AND ORDER TO SHOW CAUSE

14   SHERRI GRECCO,

15                 Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed a "petition for writ of mandate"

18   which this court construes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

19   He has also filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Petitioner

20   has submitted a declaration that makes the showing required by § 1915(a).  Accordingly, the

21   request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

22          The petition contains one claim, phrased as follows:  "D.A. Sherri Greco colluded with

23   defense counsel Clark Head to conceal C.S.I. reports, photos, and conclusions.  Then proceeded

24   to plant blood, manipulate photos, falsify antithetical documents etc.  Multiple filings from 2011

25   on, of § 1405 and the like have been fruitless."  (ECF No. 1 at 1.)  Petitioner seeks the following

26   relief: "appoint DNA counsel pursuant to the motion and motions 'filed & endorsed on 11-12-

27   14;" and "provide all parties and the court with immediate access to tests of 2007."  Id. at 3.

28   / / /

                                                 1

The petition has not been filed on the court's form for filing a petition for writ of habeas corpus, and there is no indication whether petitioner has exhausted this claim.  The petition states only that petitioner is a defendant in a criminal action "now pending" and references superior court case number 09F01642, and appellate court case number CO65778.  Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed, and takes judicial notice of, the electronic dockets for the California Court of Appeal and the California Supreme Court.  The records indicate that petitioner filed a direct appeal of his conviction with the state appellate and supreme courts, and these appeals have concluded with the judgment being affirmed and the petition for review being denied.[1]  The Court of Appeal opinion indicates that petitioner did not raise any claim concerning misconduct by the prosecutor or defense counsel.  Nor was the issue of DNA raised.

"It is well settled that the government has the obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment." Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987).  But Ritchie, like the rest of the Supreme Court's cases involving Brady rights, involved only the right to pre-trial disclosure.  See id. (citing United States v. Agurs, 427 U.S. 97 (1976), and Brady v. Maryland, 373 U.S. 83 (1963), both of which involved only pre-trial suppression).

The Supreme Court has determined that a convicted prisoner has a limited liberty interest in access to DNA evidence in postconviction proceedings.  District Attorney's Office For The Third Jud. Dist. v. Osborne, 557 U.S. 52, 129 S. Ct. 2308, 2319-22 (2009).  The Fourteenth Amendment's Due Process Clause limits a State's power to take away life, liberty or property, without procedural protections.  Id. at 2319.  However, "[a] criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man."  Id. at 2320.  Accordingly, the state has more flexibility in deciding what procedures are needed in the context of postconviction relief.  Id.

---

[1]  See http://appellatecases.courtinfo.ca.gov.

The person claiming a due process violation with regard to postconviction DNA testing must show he has a protected liberty interest "to prove his innocence even after a fair trial has proved otherwise." Id. at 2319.  The Court found that Osborne, a prisoner under judgment of the State of Alaska, had a liberty interest in demonstrating his innocence with new evidence under Alaska state law (thus satisfying the requirement that there be a protected liberty interest) but did not show that the Alaska state procedural protections attendant to that liberty interest were constitutionally inadequate.  See id. at 2320.  The Court also rejected the argument that Osborne had a freestanding substantive due process right to DNA evidence.  Id. at 2322.

Resolution of the claim turns on whether "the State's procedures for postconviction relief 'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgresses any recognized principle of fundamental fairness in operation.'" Id. at 2320 (quoting Medina v. California, 505 U.S. 437, 446, 448 (1992)).  The Court concluded that there was "nothing inadequate about the procedures Alaska has provided to vindicate its state right to postconviction relief in general, and nothing inadequate about how those procedures apply to those who seek access to DNA evidence." Id. at 2320.  Alaska law had provided a substantive right to be released on a compelling showing of new evidence establishing innocence, exempted those claims from statutory time limits, allowed for discovery including access to DNA evidence upon certain conditions, and used procedures similar to other jurisdictions' procedures for requesting DNA testing.  Id.  Alaska also may have provided an additional right of access to DNA evidence using a three-part test for those who could not obtain relief under the general postconviction procedures.  Id. at 2321.  Because it was the burden of the person seeking DNA evidence "to demonstrate the inadequacy of the state-law procedures available to him in state postconviction relief," and Osborne had not done so, he had not shown a procedural due process violation.  Id. at 2324.[2]

In California, a prisoner claiming a due process violation relating to denial of access to DNA evidence must show (1) the existence of a protected liberty interest and (2) that California's

---

[2]  A petitioner who asserts a right to DNA testing must file a petition for writ of habeas corpus, and must exhaust state court remedies.  Id. (J. Alito, concurring, joined by J. Kennedy).

procedures for protecting that interest violate a fundamental principle of justice or are fundamentally unfair.  See generally Cal. Penal Code § 1485 (providing for discharge from custody upon petition for writ of habeas corpus when there is no legal cause for petitioner's imprisonment or restraint); In re Weber, 11 Cal. 3d 703, 724 (1974) (newly discovered evidence does not warrant relief "unless (1) the new evidence is conclusive, and (2) it points unerringly to innocence").  Consideration of such a due process claim would require a determination of whether the framework of California's DNA access procedures in California Penal Code section 1405 "'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgresses any recognized principle of fundamental fairness in operation.'" Osborne, 129 S. Ct. at 2320 (citation omitted).[3]

Prior to Osborne, the Ninth Circuit found that a habeas petitioner was entitled to potentially exculpatory semen evidence in a habeas corpus proceeding under 28 U.S.C. § 2254 where testing of the evidence was potentially material to a so-called "gateway" showing of actual innocence.  Thomas v. Goldsmith, 979 F.2d 746, 749-50 (9th Cir. 1992).  Because Osborne did not involve a claim premised on actual innocence, it is unclear whether Thomas remains good law after Osborne.  Should petitioner be able to show he has exhausted state court remedies, he will be required to show how California's procedures violated his constitutional rights.[4]

_____

[3]  California Penal Code §1405 provides an elaborate scheme under which a person in prison may seek and obtain DNA testing of evidence.  The statute provides for a written motion to be made by a person seeking performance of DNA testing (§1405(a)); sets forth the particular showing that the movant must make (§1405(c)(1)); provides for the appointment of counsel to assistant an indigent movant (§1405(b)); provides for notice to the prosecutorial authority and an opportunity to be heard (§1405(c)(2)); allows disclosure of results from tests already performed (§1405(d)); allows for a hearing on the motion (§1405(e)); provides criteria under which the court "shall grant the motion for DNA testing" (§1405(f)); provides that, if testing is allowed, the court "shall identify the specific evidence to be tested and the DNA technology to be used" (§1405(g)(1)); describes a procedure for selecting the laboratory at which testing will be done (§1405(g)(2)); describes how costs will be allocated and allows for costs not to be allocated to an indigent inmate (§1405(h)); provides for judicial review by petition for writ of mandate or prohibition (§1405(j)); provides for testing "as soon as practicable" unless the court orders it expedited (§1405(k); and provides that the right to file such a motion is absolute and not waivable (§1405(m)).

[4]  In his motion for appointment of counsel, petitioner claims that he did not commit the crime for which he was convicted, and is innocent.  (ECF No. 11 at 2.)

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[5] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner's claim that the prosecutor, along with defense counsel, concealed and falsified evidence does not appear to be exhausted. Although attached to the petition is a motion for DNA

---

[5] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1   testing pursuant to Cal. Penal Code § 1405 in superior court case number 09F01642, signed by

2   petitioner on January 29, 2012, there is no indication that this motion was actually filed with the

3   superior court, or that petitioner pursued this claim through the state supreme court.[6]  (ECF No. 1

4   at 18-19.)  Petitioner has provided no other documents demonstrating exhaustion of this claim.

5           After reviewing the petition for habeas corpus and the attached documents, the court finds

6   that petitioner has failed to exhaust state court remedies.  It does not appear from the record that

7   the instant claim has been presented to the California Supreme Court.  Further, there is no

8   allegation that state court remedies are no longer available to petitioner.  Accordingly, petitioner

9   is ordered to show cause why the petition should not be dismissed without prejudice.[7]  If

10  petitioner can demonstrate exhaustion, petitioner should provide such evidence (i.e. copies of

11  state court petitions and decisions) with the response to the order to show cause.

12          Petitioner has requested the appointment of counsel.[8]  There currently exists no absolute

13  right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460

14  (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage

15  of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.

16  In the present case, the court does not find that the interests of justice would be served by the

17  appointment of counsel at the present time.

18          Accordingly, IT IS HEREBY ORDERED that

19          1.  Petitioner is granted leave to proceed in forma pauperis;

20          2.  Petitioner's April 10, 2015, request for appointment of counsel (ECF No. 11) is denied

21  without prejudice to a renewal of the motion at a later stage of the proceedings;

22  ─────────────────
23  [6]  A review of the superior court website indicates that this motion was not filed August 21, 2014,
    in case number 09F01642, as petitioner asserts, but that the most recent filing in that case was on
    May 29, 2013.  See ECF No. 11 at 5; https://services.saccourt.ca.gov.

24  [7]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations
    for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period
25  will start to run on the date on which the state court judgment became final by the conclusion of
    direct review or the expiration of time for seeking direct review, although the statute of
26  limitations is tolled while a properly filed application for state post-conviction or other collateral
    review is pending.  28 U.S.C. § 2244(d).

27  [8]  The motion is addressed to the Superior Court of the State of California for the County of
28  Sacramento.

3.  The Clerk of the Court is directed to send petitioner the form for filing an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254;

4.  Within twenty-one days, petitioner shall show cause why this action should not be dismissed based on failure to exhaust state court remedies; and

5.  The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California

Dated:  April 26, 2015

<u>/s/ Gregory G. Hollows</u>

UNITED STATES MAGISTRATE JUDGE

GGH:076/kly
lynn0669.110

7