UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN S. LYNN, | No. 2:15-cv-00669-WBS-GGH |
| Petitioner, | |
| v. | ORDER AND |
| SHERRI GRECCO, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending before the court is petitioner's multiple responses to the court's order to show cause. ECF Nos. 14–18.[1]

    The court issued an order to show cause why petitioner's writ of habeas corpus should not be dismissed on April 27, 2015. ECF No. 13. In its order, the court explained that the petition did not include facts showing petitioner exhausted his state court remedies, and that without those facts his petition must be dismissed. Id. Petitioner filed his first response to the court's order to show cause on May 19, 2015. ECF No. 14. Petitioner then filed four other responses in the span of thirty (30) days.[2] ECF Nos. 15–18.

---

[1] The court will refer to all of petitioner's responses interchangeably because (1) they differ from one another very little, and (2) none of them sufficiently address the court's order to show cause.

[2] On June 19, 2015, petitioner also filed a letter that seems to ask whether Lynn v. Sacramento Superior Court, Case No. 5:15-cv-01328-LHK (N.D. Cal. Mar. 23, 2015) was successfully

1

As the court explained in its order to show cause, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

It is not enough that all the facts necessary to support the federal claim were before the state courts, Picard, 404 U.S. at 277, or that a somewhat similar state-law claim was made. See Duncan v. Henry, 513 U.S. 364, 366 (1995). The habeas petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim. Picard, 404 U.S. at 275, 277-278; see also Rose v. Lundy, 455 U.S. 509, 520 (1982). Petitioner has the burden of proving exhaustion of state court remedies and in California a petitioner must present his claims to the California Supreme Court. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).

The petition claims that the district attorney and public defender colluded with one another to conceal and fabricate evidence. ECF No. 1 at 1. However, the petition does not state that petitioner raised these claims in state court. What's more, petitioner's responses do not actually address the issue and most of the documents attached thereto relate to his trial court case. For example, petitioner attaches requests filed in Sacramento Superior Court that the DNA evidence in his case be re-examined, as well as court orders denying his requests for failure to comply with the service requirements of California Penal Code § 1405(d). ECF No. 15–18 at 6–10, 30–31, 34–35, 50. The only appellate documents petitioner includes with his responses are (1) a "Request for Augmentation of Record on Appeal," which does not include any mention of misconduct by the prosecutor or defense counsel, and (2) a motion seeking substitute counsel

---

transferred to this court. ECF No. 19. Lynn v. Sacramento Superior Court is, actually, this case. See ECF No. 1 (noting that this case was transferred from the Northern District of California on March 25, 2015).

1  (also known as a Marsden Motion).³ Id. at 19–27.  In addition, an investigation of the filings in
2  petitioner's appellate cases reveals that he did not, in fact, raise any claims concerning
3  misconduct by the prosecutor or defense counsel.  See ECF No. 13 at 2.  In light of the fact that
4  petitioner has not stated facts showing he has exhausted his state court remedies the court will
5  recommend that his petition be dismissed without prejudice.

6  In accordance with the foregoing, THE COURT HEREBY ORDERS that:
7  1. The April 27, 2015, order to show cause, ECF No. 13, is discharged; and
8  2. The Clerk of the Court is directed to serve a copy of these findings and
9     recommendations together with a copy of petitioner's responses on the Attorney
10    General of the State of California.
11 THE COURT FURTHER RECOMMENDS that:
12 1. Petitioner's writ of habeas corpus, ECF No. 1, be DISMISSED without prejudice; and
13 2. The Clerk of Court be directed to close this action.

14 These findings and recommendations are submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
16 after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties.  Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
19 shall be served and filed within seven days after service of the objections.  The parties are advised
20 that failure to file objections within the specified time waives the right to appeal the District
21 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22 Dated: July 2, 2015

23                                          /s/ Gregory G. Hollows
24                                    UNITED STATES MAGISTRATE JUDGE

25 GGH;017/lynn669.dism

---

³ Petitioner's Marsden Motion does claim defense counsel manufactured evidence and colluded with the district attorney.  ECF No. 15–18 at 26–28.  However, petitioner made these claims solely in the context of his Marsden Motion; there is no indication that petitioner ever asserted them in order to attack his conviction.